1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

RONALD DELBERT GARDNER,

Civil No.    15cv2743-WQH (DHB)

12

Petitioner,

13

v.

**ORDER DENYING IN FORMA
PAUPERIS APPLICATION AND
DISMISSING CASE WITHOUT
PREJUDICE**

14

J. SOTO, Warden,

15

Respondent.

16
17

On November 16, 2015, Petitioner, a state prisoner proceeding pro se, filed a Petition for

18

a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in

19

forma pauperis pursuant to 28 U.S.C. § 1915(a), in the District Court for the Central District of

20

California.  (ECF Nos. 1, 7.)  On December 7, 2015, the Petition was transferred to this Court.

21

(ECF No. 4.)

22

**MOTION TO PROCEED IN FORMA PAUPERIS**

23

The request to proceed in forma pauperis is **DENIED** because Petitioner has not provided

24

the Court with sufficient information to determine Petitioner's financial status.  A request to

25

proceed in forma pauperis made by a state prisoner must include a certificate from the warden

26

or other appropriate officer showing the amount of money or securities Petitioner has on account

27

in the institution.  Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2.  Petitioner has failed to

28

provide the Court with the required Prison Certificate.

1    Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or

2    qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice.  See

3    Rule 3(a), 28 U.S.C. foll. § 2254.  If Petitioner wishes to proceed with this case, he must submit,

4    **no later than February 8, 2016,** a copy of this Order with the $5.00 fee or with adequate proof

5    of his inability to pay the fee.

6    **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

7    Further, habeas petitioners who wish to challenge either their state court conviction or the

8    length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C.

9    § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial

10   remedies, a California state prisoner must present the California Supreme Court with a fair

11   opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28

12   U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34.  Moreover, to properly exhaust state court

13   remedies a petitioner must allege, in state court, how one or more of his or her federal rights

14   have been violated.  The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned:

15   "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal

16   rights, they must surely be alerted to the fact that the prisoners are asserting claims under the

17   United States Constitution."  Id. at 365-66 (emphasis added).  For example, "[i]f a habeas

18   petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the

19   due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only

20   in federal court, but in state court."  Id. at 366 (emphasis added).

21   Petitioner does not allege that he raised any of his claims in the California Supreme Court.

22   (Pet. at 5-6.)  The burden of proving that a claim has been exhausted lies with the petitioner.

23   Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).  Because Petitioner has failed to allege

24   exhaustion as to any claim presented in the Petition, it is subject to dismissal.  See Rasberry v.

25   Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas

26   petition contains only unexhausted claims, it need not inquire further into the petitioner's

27   intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust."), citing

28   Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).  <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending.  <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies and has not satisfied the filing fee requirement.

/ / /

1

## CONCLUSION

2        Based on the foregoing, the Court **DENIES** Petitioner's Motion to proceed in forma

3   pauperis and **DISMISSES** this action without prejudice because Petitioner has failed to satisfy

4   filing fee requirement and failed to allege exhaustion of state judicial remedies.  To have this

5   case reopened, Petitioner must, no later than **February 8, 2016**, pay the $5.00 filing fee or

6   submit adequate proof of his inability to pay the fee, **and** file a First Amended Petition that cures

7   the pleading deficiencies set forth above.  The Clerk of Court shall send Petitioner a blank

8   Southern District of California First Amended Petition form and a blank Southern District of

9   California Motion to Proceed In Forma Pauperis form along with this Order.

10        **IT IS SO ORDERED.**

11   DATED:  December 10, 2015

12
       **WILLIAM Q. HAYES**
13     United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28